# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN S. MICHEL, *pro se*<br>*Petitioner,*<br>VS.<br><br>ADDISON MITCHELL MCCONNELL, JR., U.S SENATOR,<br>CHARLES ERNEST GRASSLEY, U.S. SENATOR,<br>AND UNITED STATES SENATE,<br>*Respondents.*<br>UNITED STATES ATTORNEY<br>UNITED STATES ATTORNEY GENERAL | **EMERGENCY PETITION FOR DECLARATORY JUDGMENT AND WRIT OF MANDAMUS**<br><br>CIVIL CASE NO. 1:16-cv-01729<br>Contreras, Rudolph |

**SUPPLEMENT TO PETITIONER'S**
**MOTION TO ESTABLISH RESPONSE TIME AND SCHEDULE**

COMES NOW Petitioner Steven S. Michel, *pro se,* and for his *Supplement to Motion to Establish Response Time and Schedule,* states the following:

1. On September 6, 2016, I filed a *Motion to Establish Response Time and Schedule*. In that *Motion* I requested that a schedule be established for responses to my *Petition,* and for oral argument, so that the issues raised by the *Petition* could be resolved in a time frame that would permit any remedy to be meaningful and useful.

2. Also on September 6, 2016 I filed an *Affidavit of Service* with the Court attesting that the *Petition*, and a copy of the summons, was served on all three respondents, the United States Attorney and the Attorney General. The summonses I provided to these persons were not signed or sealed. They were given to me by the Court clerk, and had a label affixed to them indicating the docket number and assigned judge. When I asked the



RECEIVED
SEP 19 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

clerk assisting me whether the summonses needed to be signed before they were served, I was told that they did not. While I am certain this is what I was told, I cannot rule out a miscommunication between myself and the clerk.

3. Recently, attorneys that may represent respondents have informed me that in their opinion they must receive a signed and sealed summons, which they have not, before the time for an answer commences. The rationale behind their opinion is that, by Court rule, my Petition is actually a complaint, for which a summons must issue, and that respondents are "defendants." My view is that the Petition is not a complaint, but rather is in fact a petition which does not require a summons.

4. Whether or not my petition requires a summons depends, at least in part, on how the Court interprets the law, its rules and its powers in equity. 28 U.S.C. 1361 provides that original jurisdiction for writs of mandamus reside with the federal district courts. On the other hand, as the Court is aware, FRCP Rule 81(b) abolishes writs of mandamus in federal district courts, with the caveat that the relief obtainable by those writs may be obtained "by appropriate action or motion under these rules." It is not clear whether the phrase "under these rules" applies only to the word "motion" or to both the words "action or motion." This is important because the Court's rules can be read to require that my petition be considered a complaint, which presumably means that a signed and sealed summons must issue. On the other hand, if the petition is a petition, a summons is not needed or appropriate.

With regard to the other relief I have requested, i.e. a declaratory judgment, a summons requiring a sixty (60) day answer from U.S. government defendants does not

appear to be consistent with FRCP Rule 57, which governs declaratory judgment requests and allows for "a speedy hearing" of such actions. An action seeking declaratory judgment is more consistent with a scheduled, sometimes shortened, opportunity to respond than a mandatory sixty-day time-frame for government defendants to answer a complaint.

5. I have had several telephone conversations with personnel in the clerk's office about the procedural posture and characterization of this case, and whether a summons is required - given that this action has been filed as a petition and not a complaint. While some of the conversations with the clerk's office were inconclusive, the most recent conversation concluded that this case was a petition that did not necessitate a summons. I of course recognize that this does not bind the Court.

6. I would submit to the Court that the action I have filed is not a complaint, that it should not be construed as a complaint, and that respondents are not "defendants" who must file an answer or suffer a default judgment. Rather, the action is a petition for two types of relief: declaratory and mandamus. The petition asks the Court to exercise its equity powers to address the current, perilous situation surrounding how vacancies of the Supreme Court are filled. The core request in my petition is for the Court determine that, unlike the Senate's discretion to consider and vote on legislation, the Senate has a non-discretionary, constitutional duty to participate in the appointment of justices to the Supreme Court, i.e. the Senate cannot refuse to even consider a president's nominee.

7. I would also submit that the most expedient way to administer and resolve the issues I have raised is to treat this petition as a petition, and allow (but not require) the respondents to respond. Given the urgency of the situation, and the likelihood for appeal, I

believe that thirty (30) days for a response is reasonable and appropriate, with an opportunity for me to reply ten (10) days later, either through a pleading or through oral argument. This procedure is consistent with how the United States Court of Appeals for the District of Columbia Circuit deals with the type of petition I have filed (FRAP Rule 21 and Circuit Rule 21).

8. I recognize that this action will not be complete, nor likely decided, before the presidential elections on November 8, 2016. The election date, however, is irrelevant to the claims in my petition. The critical date is the end of the current president's term, January 20, 2017, after which the nomination of Judge Garland would appear to be moot.

9. Given the uncertainty surrounding the proper venue and procedure to address my mandamus and declaratory judgment claims, I would submit four possible paths forward. My request is that the Court implement the first of these:

a. Issue an order clarifying that no summons is to be issued in this case, and setting a response time to the petition. The order would also establish an opportunity for reply either by oral argument or in writing.

b. Issue an order dismissing the writ of mandamus portion of the petition without prejudice, and proceeding with the declaratory judgment request in an expeditious manner through responses and an opportunity to reply either by oral argument or in writing.

c. Issue an order clarifying that the petition is to be construed as a complaint and that a summons must be issued, and indicate the timeframe in which an answer or response is required, as well as any opportunity for reply.

d. Issue an order dismissing this petition without prejudice, presumably determining that this petition should more properly be filed in the D.C. Circuit Court of Appeals, which specifically allows for writ of mandamus actions by FRAP Rule 21.

WHEREFORE, for the foregoing reasons, Petitioner prays for a Court order granting the relief requested by its September 6, 2016 *Motion*, modified as necessary by the considerations expressed in this *Supplement*, and providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEVEN S. MICHEL, *pro se*
New Mexico State Bar # 1809
2025 Senda de Andres
Santa Fe, New Mexico 87501
(505) 690-8733
stevensmichel@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, I served the foregoing *Supplement to Motion to Establish Response Time and Schedule* by placing a true copy in the United States mail, with certified delivery, to:

Loretta E. Lynch, U.S. Attorney General
U.S. Department of Justice
1350 Pennsylvania Avenue, NW #409
Washington, D.C. 20004

United States Attorney's Office
Civil Process Clerk
555 Fourth Street, NW
Washington, D.C. 20530

United States Senate
Dirksen Senate Office Building
Washington, D.C. 20510

Office of Senator Addison Mitchell McConnell
United States Senate
Washington, D.C. 20510

Office of Senator Charles Ernest Grassley
United States Senate
Washington, D.C. 20510

Steven S. Michel