UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN S. MICHEL, *pro se*, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 16-cv-01729-RC |
| ) | |
| ADDISON MITCHELL McCONNELL, Jr, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

### STATEMENT OF INTEREST OF THE UNITED STATES

Pursuant to 28 U.S. C. § 517,[1] the United States of America, by its undersigned attorneys, respectfully submits this Statement of Interest so that the Court may be more fully advised of certain matters that may affect the Court's consideration of the *Supplement to Petitioner's Motion to Establish Response Time and Schedule* [R. 6] that was filed by Petitioner[2] on September 19, 2016.

---

[1] Section 517 states that "any officer of the Department of Justice[] may . . . attend to the interests of the United States in a suit pending in a court of the United States." This statute confers broad and unreviewable discretion on the Department. *See Falkowski v. EEOC*, 783 F.2d 252, 253 (D.C. Cir.) (per curiam), *cert. denied*, 478 U.S. 1014 (1986). Moreover, it is not necessary for the United States to enter an appearance for a named party to submit a Statement of Interest. *See, e.g., Weixum v. Xilia*, 568 F. Supp. 2d 35 (D.D.C. 2008) (statement of interest regarding suit against former official of the People's Republic of China). As authorized by Section 517, this Statement of Interest is being filed solely on behalf of the United States to further the orderly administration of justice; it is not intended as an entry of appearance for any of the named Respondents. Accordingly, nothing contained herein should be construed as a waiver or other limitation of any defenses available to the Respondents, including, without limitation, immunity from suit, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to complete service of process in a timely manner.

[2] References to "Petitioner" and "Respondents" herein follow the nomenclature adopted by the Petitioner merely for the sake of consistency, and are not an endorsement of Petitioner's view that there is any material distinction between a "complaint" filed pursuant to the Federal Rules of Civil Procedure and the *Emergency Petition for Declaratory Judgment and Writ of Mandamus* that was filed as the initial pleading in this case. To the contrary, as stated below, the

1.      By letter dated August 31, 2016, the United States Attorney's Office for the District of Columbia ("USAO/DC") advised the Petitioner that, although the USAO/DC had received a copy of the *Emergency Petition for Declaratory Judgment and Writ of Mandamus*, service was not proper because no summons accompanied the petition.  A copy of this letter is attached as Exhibit 1.

2.      By letter dated September 16, 2016, the Office of Senate Legal Counsel advised the USAO/DC that service on the named respondents had not yet been effected in accordance with the Federal Rules of Civil Procedure, and further advised that the above-captioned case was not currently in a posture whereby the Office of Senate Legal Counsel ordinarily asks the Senate to consider whether to authorize representation of the Respondents.  The letter also pointed out that "[t]he practice of not asking the Senate to undertake the question of whether to approve representation in such circumstances is buttressed by the *sua sponte* dismissals, for lack of injury-in-fact, of similar claims [to those asserted by Petitioner here] taking issue with alleged Senate inaction on legislative matters" (citing cases).  A copy of this letter is attached as Exhibit 2.

3.      By letter dated September 16, 2016, the USAO/DC advised the Petitioner that, although the USAO/DC had received a summons and a copy of the *Emergency Petition for Declaratory Judgment and Writ of Mandamus*, service was still not proper because the summons was merely a blank form and so did not qualify as a valid summons under Fed. R. Civ. P. 4(a)(1).  In that letter, the USAO/DC also explained why a properly completed summons had to be served with the complaint in order to effect valid service.  A copy of that letter is attached as Exhibit 3.

---

United States submits that the latter pleading is properly treated as a "complaint" and Petitioner and Respondents, respectively, are properly termed "plaintiff" and "defendants" under the Federal Rules of Civil Procedure.

4. In the *Supplement to Petitioner's Motion to Establish Response Time and Schedule*, petitioner contends that "28 U.S.C. 1361 provides that original jurisdiction for writs of mandamus reside[s] with the federal district courts." In fact, the statute provides that "[t]he district courts shall have original jurisdiction of *any action in the nature of mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" (emphasis added). Thus, the statute is fully consistent with Fed. R. Civ. P. 81(b), which abolishes the writ of mandamus in federal district courts, and with Fed. R. Civ. P. 2, which provides that "[t]here is one form of action -- the civil action" -- in federal district courts, and with Fed. R. Civ. P. 3, which specifies that "[a] civil action is commenced by filing a complaint with the court."

5. Petitioner further contends that "a summons requiring a sixty (60) day answer from U.S. government defendants does not appear to be consistent with FRCP Rule 57, which governs declaratory judgment requests and allows for 'a speedy hearing' of such actions." Although Fed. R. Civ. P. 57 does state that a court "*may* order a speedy hearing of a declaratory-judgment action" (emphasis added), this permissive provision establishes no exception to either (*a*) the requirements for serving the United States and its agencies, corporations, officers, or employees in Fed. R. Civ. P. 4(i), or (*b*) Fed. R. Civ. 12(a)(2), which allows Federal defendants "60 days after service on the United States attorney" to file a responsive pleading, provided service is otherwise effective, *see* Fed. R. Civ. P. 4(i)(2), "[u]nless another time is specified by this rule or a federal statute." Accordingly, Rule 57's reference to a "speedy hearing" is properly interpreted in the context of those other rules, not to conflict with them.

6. Petitioner also suggests that the Court could conclude that his petition "should more properly be filed in the D.C. Circuit Court of Appeals, which specifically allows for writ of

mandamus actions by FRAP 21." As pointed out in the 1967 Advisory Committee Notes to that Rule, however, "[t]he authority of courts of appeals to issue extraordinary writs is derived from 28 U.S.C. 1651," and that statute only authorizes the issuance of writs that are "necessary or appropriate in aid of [the courts of appeals'] jurisdictions and agreeable to the usages and principles of law." Petitioner has not shown how his petition satisfies this statutory standard for issuance of an extraordinary writ by the Court of Appeals. To the contrary, handling this case as a normal civil action will in no way hinder the Court of Appeals' ability to review the issues raised by Petitioner's pleading in the ordinary course, following their consideration in the first instance by this Court.

7. The "petition for mandamus" that was filed as the initial pleading in this case should be treated as a complaint under the Federal Rules of Civil Procedure, and so must be served with a valid summons.[3] Furthermore, unless and until proper service has been effected, no Respondent will be "obliged to engage in litigation," or may be subjected "to any procedural imposition" in this matter. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 350 (1999).

          Respectfully submitted,

          CHANNING D. PHILLIPS, D.C. Bar #415793
          United States Attorney for the District of Columbia

          */s/ Daniel F. Van Horn*
          DANIEL F. VAN HORN, D.C. Bar #924092
          Chief, Civil Division
          U.S. Attorney's Office
          555 Fourth Street, N.W. – Room E4226
          Washington, D.C. 20530
          (202) 252-2506
          daniel.vanhorn@usdoj.gov

---

[3] The Court's PACER docket indicates that summonses were issued for each named Respondent, the Attorney General, and the United States Attorney on September 19, 2016.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Statement of Interest of the United States* was served on September 22, 2016, by first-class United States mail, postage prepaid, addressed to:

>Steven S. Michel, Esquire
>2025 Senda de Andres
>Santa Fe, New Mexico 87501

and that a courtesy copy was transmitted by electronic mail to: stevensmichel@comcast.net.

>*/s/ Daniel F. Van Horn*
>DANIEL F. VAN HORN, D.C. Bar #924092
>Chief, Civil Division
>United States Attorney's Office
>555 Fourth Street, N.W. – Room E4226
>Washington, D.C. 20530
>(202) 252-2506
>daniel.vanhorn@usdoj.gov