# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN S. MICHEL, *pro se* ) | |
|          *Petitioner*, ) | **EMERGENCY PETITION FOR** |
| v. ) | **DECLARATORY JUDGMENT** |
| ) | **AND WRIT OF MANDAMUS** |
| ADDISON MITCHELL MCCONNELL, JR., U.S SENATOR, ) | |
| CHARLES ERNEST GRASSLEY, U.S. SENATOR, ) | |
| AND UNITED STATES SENATE, ) | CIVIL CASE NO. 1:16-cv-01729 |
|          *Respondents*. ) | Contreras, Rudolph |
|    UNITED STATES ATTORNEY ) | |
|    UNITED STATES ATTORNEY GENERAL ) | |
| _____ ) | |

## PETITIONER'S RESPONSE TO
## STATEMENT OF INTEREST OF THE UNITED STATES

COMES NOW Petitioner Steven S. Michel, *pro se,* and for his *Response to Statement of Interest of the United States,* states the following:

1.      On September 22, 2016, the United States Attorney's Office filed a *Statement of Interest of the United States* ("*Statement*") in the above-captioned matter. That *Statement* and the attached exhibits contain a number of factual and legal assertions that warrant a brief response.

2.      The United States Attorney is correct in his suggestion that there has been confusion regarding the service of summonses in this case. Some of the confusion is my responsibility. But much of the confusion results from the unique and time-sensitive situation for which I seek relief. Simply put, it is not clear, and does not make sense, that this *Petition* must be treated as a complaint for which summonses are required,

1



RECEIVED
SEP 26 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

particularly given that a summons on a complaint allows the government sixty (60) days to respond and jeopardizes the ability of the Court to provide a timely remedy. Moreover, regardless of when a valid summons was issued and served,[1] it is undisputed that all Respondents and the U.S. Attorney and Attorney General received conformed copies of the Petition, stamped with the Case number, by September 2, 2016.

It is also important to recognize that, contrary to what the *Statement* suggests, this Court has on occasion entertained petitions for writs of mandamus, despite the adoption of FRCP Rule 81(b), and has also on occasion granted those writs. (See, e.g. *United States of America v. Daniel Choi,* Magistrate No. 10-739-11, <u>Memorandum Opinion</u> Oct. 11, 2011). While the factual backgrounds in those cases differ from my *Petition*, the notion that a petition for a writ of mandamus must *always* be treated as a complaint, and that this is well-settled law, is over-stated.

3. In paragraph 4 of the *Statement,* the U.S. Attorney contends that because Rule 81(b) abolishes "<u>writs</u> of mandamus," and 28 U.S.C. §1361 has different phraseology in its grant of original jurisdiction to district courts over "any action in the nature of mandamus," the two provisions are "fully consistent." Therefore, the U.S. Attorney concludes, my *Petition* should be treated as a complaint rather than a petition for the abolished writ of mandamus.

---

[1] As the U.S. Attorney pointed out in his *Statement* (fn.3), signed and sealed summonses were issued on September 19, 2016, and I mailed them, certified and registered, the next day to Respondents, the U.S. Attorney and the Attorney General. By doing so, however, I have not intended to waive my position that the Court should provide Respondents with an earlier date by which to respond, if they choose to do so.

2

The U.S. Attorney's position is a stretch. The two provisions are not "fully consistent." The descriptors "writ of mandamus" versus "any action in the nature of mandamus to compel [performance]," represent a distinction without a difference. In addition, because the statutory provision is broader than Rule 81(b), district courts are in fact statutorily provided original jurisdiction over writs of mandamus.

4. In paragraph 5 of the *Statement*, the U.S. Attorney argues that FRCP Rule 57, which allows a "speedy hearing" for declaratory judgment actions, can be construed consistently with the 60-day response time allowed for government responses to complaints. While that may be true in some instances, it is not true in this action. The U.S. Attorney's argument is blind to the reality and time-sensitivity of the situation underlying my *Petition*. In this action, given the nature of the situation, a sixty-day response is too long.

5. In paragraph 6 of the *Statement*, the U.S. Attorney challenges the notion that the Court of Appeals might have jurisdiction over this action because, he appears to argue, resolving my claim is not "necessary or appropriate in aid of the [court of appeal's] jurisdictions…." The D.C. Circuit Court of Appeal's jurisdiction is not something that this Court needs to decide. However, I would point out that the threat to the federal judiciary posed by the Senate's refusal to participate in the judicial appointment process absolutely impacts an appellate court's ability to act within its jurisdiction.

6. Finally, I would like to respond to the assertions, in Paragraph 2 and Exhibit 2 of the *Statement,* that petitions like mine have been, and should be, routinely dismissed

for lack of standing – with the implicit suggestion that such a *sua sponte* dismissal could relieve the Court of having to decide the difficult issues raised by my *Petition*.

The injury and standing claim that I am making, to my knowledge, has never been adjudicated – and differs substantially from the claims made in other actions that were dismissed. I also do not believe that my standing claim can be decided without deciding the merits of my *Petition*. I say this because my injury, and claim of standing, are based upon rights that I have under the 17th Amendment to vote for United States senators, and to have each of those senators represent my interests with "one vote" in the Senate. While I accept that my voting power is not necessarily diminished when the Senate refuses to consider legislation and other things that are within its discretion to act (or not act) upon, my voting power is diminished when my senators are procedurally blocked by other senators from voting on items that the Senate, as a body, *must* vote on – such as whether to provide advice and consent for a Supreme Court nominee.

The framers of the Constitution intended the <u>entire</u> Senate to vote on Supreme Court nominees. This is supported by the writings of the contemporaneous *Federalist Papers*. No. 76, for example, explains why the <u>entire</u> Senate must participate in the appointment process. It basically says that while "some individuals" in the Senate might be improperly influenced, if the entire "body" is acting there will always be a "large proportion" of "independent and public-spirited" senators to preserve the integrity of the process:

> But it is as little to be doubted that there is always a large proportion of the body which consists of independent and public-spirited men who have an influential weight in the councils of the nation... That it might therefore be allowable to suppose that the executive might occasionally influence some individuals in the Senate, yet the supposition that he could in general purchase the integrity of the whole body would be forced and improbable.

7.      In conclusion, I continue to request that this matter be treated for what it is, a *Petition* for declaratory relief and a writ of mandamus. To try and fit the "square peg" of my *Petition* into the "round hole" of a complaint puts form over substance, and jeopardizes the Court's ability to provide a timely and meaningful remedy.

WHEREFORE, for the foregoing reasons, Petitioner prays for a Court order establishing a schedule for this action, as requested by its September 6, 2016 *Motion*, modified as necessary by the considerations expressed in the September 19th *Supplement to Motion* and this *Response*, and providing such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

STEVEN S. MICHEL, *pro se*
New Mexico State Bar # 1809
2025 Senda de Andres
Santa Fe, New Mexico 87501
(505) 690-8733
stevensmichel@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2016, I served the foregoing *Petitioner's Response to Statement of Interest of the United States* by placing a true copy in the United States mail, with certified delivery, to:

Loretta E. Lynch, U.S. Attorney General
U.S. Department of Justice
1350 Pennsylvania Avenue, NW #409
Washington, D.C. 20004

United States Attorney's Office
Civil Process Clerk
555 Fourth Street, NW
Washington, D.C. 20530

United States Senate
Dirksen Senate Office Building
Washington, D.C. 20510

Office of Senator Addison Mitchell McConnell
United States Senate
Washington, D.C. 20510

Office of Senator Charles Ernest Grassley
United States Senate
Washington, D.C. 20510

_/s/ Steven S. Michel_
_____
Steven S. Michel